### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-134-R |
| ) | |
| JESUS VLADIMIR TRIZON- ) | |
| GUTIERREZ, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Before the Court is Defendant's pro se Motion [Doc. No. 48] seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.

The United States Probation Office filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 46] stating that Defendant is eligible for a sentence reduction under part B of Amendment 821. The United States and the Federal Public Defender's Office filed a Joint Notice [Doc. No. 50] indicating that the United States will seek to enforce the § 3582(c)(2) waiver contained in Defendant's plea agreement, the Federal Public Defender's Office will not file an attorney-authored motion for sentence reduction based upon the waiver, and Defendant was informed of and agreed to that course of action. The United States then filed its formal Response in Opposition [Doc. No. 52] requesting that the motion be denied because Defendant agreed that the United States could enforce the waiver.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" after consideration of "the factors set forth in section 3553(a) to the extent that they are applicable" and when the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." Here, however, Defendant waived his right to move to modify his sentence under § 3582(c)(2) in his plea agreement. Defendant does not appear to dispute that his motion for sentence reduction falls within the scope of the waiver or that the United States could move to enforce the waiver. *See United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008) (setting out test for determining enforceability of appeal waivers).

Accordingly, the Defendant's pro se his motion [doc. No. 48] is denied.

IT IS SO ORDERED this 9th day of October, 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE